UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-50037
Summary Calendar

_____

BARBARA JO WEBB,

Plaintiff-Appellant,

versus

WAYNE SCOTT, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION; PAMELA WILLIAM, Warden of Hobby Unit,
Marlin, Texas; KENNETH SELLER, Correctional Officer #3 at Texas
Department of Criminal Justice Institutional Division, Hobby
Unit,

Defendants-Appellees.

_____

Appeal from the United States District Court,
for the Western District of Texas
(USDC No. W-97-CV-242)

_____

December 3, 1998
Before KING, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Barbara Jo Webb, Texas inmate #335682, appeals, *pro se*, the

denial of her motion for leave to proceed *in forma pauperis* (IFP)

in the district court and the dismissal of her complaint based on

her inability to pay the initial partial filing fee.  (Webb's

_____

[*]     Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

motions for supplementation of the record and for discovery are **DENIED**.)

The district court ordered Webb to pay, within 30 days, an initial partial filing fee of $7.50, as per 28 U.S.C. § 1915(b)(1),(2). The district court did not err in its initial order dismissing the complaint, because this amount had not been paid and Webb had not informed the court that she had no money in her prison account to pay it. However, Webb's FED. R. CIV. P. 59(e) motion and accompanying exhibits demonstrated that she had a zero balance in her prison account for the 30 days following the district court's order and thus had no means with which to comply with that order.

"In no event shall a prisoner be prohibited from bringing a civil action ... for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4). Under this provision, Webb should be permitted to proceed IFP while remaining responsible for paying the full filing fee through installment payments. *See **Norton v. Dimazana***, 122 F.3d 286, 290-91 (5th Cir. 1998); ***Walp v. Scott***, 115 F.3d 308, 310 (5th Cir. 1997).

For the foregoing reasons, the judgment is **VACATED** and the case is **REMANDED** for proceedings consistent with this opinion.

*VACATED AND REMANDED; MOTIONS DENIED*

2